Baker, *et al.*, *vs.* Wright, *et uxor.*

---

J. L. BAKER, *et al.*, plaintiffs in error, *vs.* JNO. W. WRIGHT, *et uxor*, defendants in error.

1. After a brief of the evidence had been filed, under the supervision of the Judge and some months had elapsed, a motion to amend the brief as to one witness' evidence, (founded upon an averment that it was incorrectly stated in the brief, which averment was supported by an affidavit of said witness,) was properly overruled.

2. Where the Court below grants a new trial, upon the ground that the verdict was contrary to the evidence, and this Court regard the verdict as being against the evidence, and believe that the ends of justice required that it should be set aside, the judgment below will be affirmed.

*Caveat* to proof of codicil. New trial granted. By Judge WORRILL. From Marion county. Chambers, April, 1867.

Baker, *et al.*, *vs.* Wright, *et uxor.*

In 1859, Nancy Baker made a will, ordering her executors, James L. Baker and said John W. Wright, to sell all her property, and after paying her debts, etc., to divide the proceeds equally between her children, giving her grand children the share of their parent, her heir, and making that of her daughters, Mrs. May and Mrs. Wright, free from the debts of their respective husbands.

In May, 1863, she made a codicil, so far changing said will as to vest her residence in said Wright, in trust for the sole and separate use of his wife and her children, etc. This codicil was destroyed. Testator died, said will was proven in solemn form, and subsequently Wright for himself and wife moved to establish the codicil and prove it in solemn form. Testator's children, Alfred, Henry, James L., William C., and Elizabeth Baker, Pleasant L. J. May, in right of his wife, and William Anderson, in right of his wife and children, (all heirs at law,) opposed the probate upon various grounds resolvable into these, that the codicil was opposed to her known wishes, and if ever made, was procured by undue influence by said Alfred, was made when she had no testamentary capacity, and had afterwards been destroyed by her consent, etc.

The case was on the appeal and the evidence on the trial was substantially as follows : The three witnesses to the will also witnessed the codicil—one of them wrote the codicil according to testator's dictation, all were at her house at her invitation to have the same executed, she executed it in their presence, etc., and they all knew her, and believed her as competent, mentally, as she ever was.

The reason assigned by her for making the codicil, they testified, was that she had long wished to do so, to compensate Mrs. Wright for waiting on her, etc. ; Alfred was not present ; she could not read, but the codicil was read to her. All the witnesses agreed that the copy offered was a substantial copy of the original, about which they had testified. Williams, who wrote both the will and codicil testified that Alfred called on him early one morning, told him testator wished him and the two other witnesses to her will to go to

her house, that she might make a codicil, and told him how she wished the codicil written, and then went on to Americus.

The propounders examined James L. Baker, who testified that several weeks after the codicil was made he was at testator's, and feeling indignant at it, he asked her to allow him and Wright to go to Williams', who wrote it, and get it. She consented. He got it and brought it into her presence, and asked her what he should do with it. She replied, "do as you please." He then, in presence of his wife, Mrs. Wright, and testator, destroyed the codicil, (which was substantially the same as the one offered for probate.)

He testified that at that time, testator had not more capacity than an eight year old child, and was sick in bed; that he was her family physician, and did not think that she possessed testamentary capacity for twelve months before the codicil was made.

He stated that he lived ten miles from her, and only visited her when she was sick; she had paralysis; sometimes her mind was brighter than at others; she imagined her house was falling and would have props put under it, and also thought she lived in Warren county; she grew worse, and in April, 1864, he sued out a warrant and had her adjudged a lunatic, took her to his home and kept her till her death. The propounders read in evidence the will and copy codicil, and closed.

The caveators offered several witnesses as to her capacity.

One testified, that in 1863, he frequently saw testator and sometimes she did not know him, sometimes she was rational and sometimes irrational, that she was very shrewd in money matters, but he considered her insane. Another testified, that he thought her insane, because she told him if she ever married again it would be for gold. James L. Baker, re-introduced, testified, that Alfred, by letter, requested testator to make a new will, leaving him out, but she refused, saying, that the law made a will good enough for her; that this was before she had paralysis; that after she was paralyzed she was

frequently unchaste in conversation which she never was before.

Under this evidence the jury found against the codicil.

The propounders moved for a new trial upon the grounds that the verdict was strongly and decidedly against the evidence, the law, etc., and because one of the jury was a cousin to one of the caveators.

Upon this last ground the propounders read the affidavits of John W. Wright and his attorneys, who testified that they knew of said relationship, but the propounder did not consider its importance, and it did not occur to the attorneys to object to him as a juror. On the other hand the juror swore that he had often been told by the caveator (whose cousin he married) that said caveator had no interest in the litigation, and he further swore that the thought of the relationship never occurred to him, while he was such juror.

The brief of evidence having been filed under the supervision of the Judge, time was taken to decide. Some months afterwards the caveators moved to amend the brief, averring that there was a mistake in the version of Dr. Baker's evidence. They produced an affidavit from him, stating what he thought he had testified to, but the Judge not recollecting his evidence as therein set forth, refused to allow the brief changed.

A new trial was granted. The caveators assign as error the refusal of said amendment and granting of said new trial.

B. B. HINTON, for caveators.

BLANFORD & MILLER, for propounders.

HARRIS, J.

1. A new trial having been moved for in this case, it became necessary under the rules of the Superior Courts, that a brief of the testimony in the cause should be filed. The counsel of the respective parties not agreeing as to the correctness of said brief, the points of disagreements were necessarily to be determined by the presiding Judge. The

Baker, *et al.*, *vs.* Wright, *et uxor.*

brief as filed was approved by him. Subsequently to such approval the party not agreeing in the first instance to its accuracy, moved to amend the same upon the affidavit of a witness whose testimony had been incorporated in said brief. The motion to amend on affidavit should have been made before the approval by the Judge; the correction proposed to be made should have been before him at the time he passed upon the matters of disagreement between the counsel. Any other practice it seems to us would be productive of evils, at least of inconveniences, tending greatly to retard the despatch and regularity of business. The Judge did not, in our opinion, err in refusing to hear the motion to amend the brief of testimony at the time it was made.

2. The case tried was the propounding for probate the codicil to a will. The witnesses to the will and codicil were the same persons; both instruments were executed the same year, though not on the same day; the subscribing witnesses proved equal mental capacity in testatrix at the respective execution of both instruments. The will had been admitted to probate, it was uncontested, no one questioning her capacity to make it.

It seems that she was induced, when, as the evidence abundantly evinces, she had not sufficient mental capacity to know or consider the consequences of it, to give an assent to the destruction of the codicil. Notwithstanding the jury found for the caveators—a new trial was moved for by the propounders, and granted.

The testimony of the subscribing witnesses to both instruments clearly exhibiting her mental capacity to make them, and to have been *equally as good* when she made the codicil as when she made the will, and the further fact being also shown that she was incapable of volition at the time of her assent being extorted to the destruction of the codicil, we cannot but regard the verdict as against the evidence, and that the ends of justice required it to be set aside. The *venire de novo* was we think rightly awarded.

Judgment affirmed.